Filed 9/14/21  P. v. Partner CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY PARTNER,<br><br>        Defendant and Appellant. | B309748<br><br>(Los Angeles County Super. Ct. No. A626198)<br><br>**ORDER MODIFYING OPINION**<br>**[No change in judgment]** |

BY THE COURT:

It is ordered that the opinion filed herein on September 14, 2021, is modified as follows:

On the caption page, delete case number B309749 and replace it with B309748.

There is no change in judgment.

_____

RUBIN, P. J.                    MOOR, J.                    KIM, J.

Filed 9/14/21  P. v. Partner CA2/5 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY PARTNER,<br><br>    Defendant and Appellant. | B309749<br><br>(Los Angeles County<br>Super. Ct. No. A626198) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Ellen M. Matsumoto, under appointment by Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

In 1984, a jury found defendant Johnny Partner guilty of first-degree murder (Pen. Code, § 187, subd. (a))[1] and found true the allegation that defendant had personally used a firearm in the commission of the murder (§ 12022.5). The trial court sentenced him to life without parole.

On April 6, 2020, defendant filed a petition to vacate his murder conviction and for resentencing pursuant to section 1170.95. Defendant checked a box on the form petition indicating he had been convicted of first or second degree murder at trial under a felony murder rule or the natural and probable consequences doctrine. The District Attorney filed a response arguing that defendant was ineligible for relief under section 1170.95 because he was the actual killer. The response attached the reporter's transcript of defendant's sentencing hearing showing the jury found true that defendant had personally used a firearm in committing the murder. Defendant, through counsel, filed his reply arguing, among other things, that the Supreme Court was currently reviewing whether trial courts may consider the record of conviction in determining whether a defendant has made a prima facie showing under section 1170.95.[2]

---

[1]     All statutory references are to the Penal Code.

[2]     The Supreme Court has since resolved this issue holding that the trial court may review the record of conviction in assessing whether a petitioner has made a prima facie case for

On December 2, 2020, the trial court held a hearing on defendant's petition and, following argument, denied it, stating: "He was the only one charged with murder. He was found guilty of first degree murder, and the allegation was found true that he personally used a firearm. . . . No other individuals being charged, it appears that the petitioner, Mr. Partner, was in fact the actual shooter in this case . . . ."

Defendant timely appealed, and we appointed counsel to represent him. Counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that we independently review the entire record to determine if there are any arguable issues. Defendant filed a supplemental brief challenging his underlying conviction on the grounds that law enforcement suppressed evidence, witnesses perjured themselves, the prosecutor committed misconduct, and defendant's counsel rendered ineffective assistance. Defendant did not address section 1170.95 in his supplemental brief.

We have reviewed the record and are satisfied that defendant's appointed appellate counsel has fully complied with her responsibilities and no arguable issues exist. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, 1040, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496,

---

relief under section 1170.95. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

503; *People v. Wende, supra,* 25 Cal.3d at p. 441.) Any claimed error at defendant's trial is not before us in this appeal from the trial court's denial of his resentencing petition. As we have observed, defendant raises no argument as to the ruling on his section 1170.95 petition. Because the record demonstrates defendant was the actual killer, he cannot demonstrate eligibility for relief under section 1170.95 as a matter of law. (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835.)

## DISPOSITION

The order denying defendant's section 1170.95 petition for resentencing is affirmed.


                                        RUBIN, P. J.

WE CONCUR:


        MOOR, J.



        KIM, J.

4